27 P.3d 1197 (2001)
Craig and Sue RIPLEY, husband and wife; Dean and R. Joyce Hahn, husband and wife; Timothy and Monica Owen, husband and wife, Appellants,
v.
GRAYS HARBOR COUNTY, a political subdivision of the State of Washington, Respondent.
No. 25701-7-II.
Court of Appeals of Washington, Division 2.
July 27, 2001.
*1198 Guy M. Bogdanovich, Law Lyman Daniel Kamerrer & Bogdanovich, Olympia, for respondent.
Alvin Dwight Mayhew, Mayhew-Froehling, Puyallup, for appellants.
SEINFELD, J.
This case involves the application of the due care exception to the common enemy doctrine adopted in Currens v. Sleek, 138 *1199 Wash.2d 858, 983 P.2d 626, 993 P.2d 900 (1999), to municipal road improvement projects. We hold that the exception applies but also conclude that summary judgment was appropriate because the Appellants failed to establish any material issue of fact.

FACTS
The Appellants, Craig and Sue Ripley, Dean and R. Joyce Hahn, and Timothy and Monica Owen, own property on Central Park Drive between Solki Road and Garden Road in Grays Harbor County. Central Park Drive runs east/west with a 3-4 percent westerly grade.[1] The land on the north side of the road has a shallow slope with a 3-10 percent southerly grade that levels out on the south side of the road. The Appellants' properties are on the south side of the road at the natural low point in the area. The soil in the area is a silty clay loam with poor absorption characteristics.
Starting in 1996, Grays Harbor County improved Central Park Drive by doubling its width, crowning it at the center, removing a portion of the surrounding vegetation, and installing drainage ditches on its north side. The crown created a 2 percent grade from the center of the road to either edge. The ditches on the north side of the road directed the surface water flowing from the north slope above the road and the north side of the road westward along the road and then under the road, well below the Appellants' homes.
Following the improvements, the Appellants sued the County, alleging that it was negligent when it widened Central Park Drive in a manner that resulted in surface water[2] flooding their properties. The County moved for summary judgment, asserting that (1) the common enemy doctrine protected it from liability for damage caused by surface water flowing off of the improved road and (2) the Appellants failed to establish a question of fact as to whether it could be held liable under the channel and discharge exception to this doctrine. The Appellants responded that they had presented sufficient evidence of the County's channeling and discharging surface water onto their properties and that there also were questions of fact as to the County's use of due care in improving the road.[3]
Finding that the due care exception did not apply in this context and that there were no material questions of fact, the trial court dismissed the negligence claim. On appeal, the Appellants claim that the trial court applied an improper standard and that there are material issues of fact.

DISCUSSION
As in any negligence action, the Appellants, as plaintiffs, must prove four elements: (1) the existence of a duty, (2) a breach of that duty, (3) a resulting injury, and (4) proximate cause. Degel v. Majestic Mobile Manor, Inc., 129 Wash.2d 43, 48, 914 P.2d 728 (1996). The first two elements, duty and breach, are at issue here.
When reviewing a summary judgment order, we engage in the same inquiry as the trial court. Hertog v. City of Seattle, 138 Wash.2d 265, 275, 979 P.2d 400 (1999). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). See also Hertog, 138 Wash.2d at 275, 979 P.2d 400.
Whether a duty exists is a question of law. Hertog, 138 Wash.2d at 275, 979 P.2d 400. And while the question of breach is generally a question of fact left to the trier of fact, we may decide the question as a matter of law where reasonable minds could reach but one conclusion from the evidence presented. Hertog, 138 Wash.2d at 275, 979 P.2d 400.
*1200 I. Due Care Exception
The common enemy doctrine, in its strictest form, allows landowners to defend themselves against unwanted surface water without threat of liability for subsequent damage to adjacent lands. Currens, 138 Wash.2d at 861, 983 P.2d 626. But as the strict application of this doctrine may be inequitable, courts have developed several exceptions to the doctrine. Currens, 138 Wash.2d at 861-62, 983 P.2d 626. One exception, the channel and discharge exception, prohibits landowners from channeling and discharging surface water onto their neighbors' land in quantities greater than or in a manner different from its natural flow. Currens, 138 Wash.2d at 862, 983 P.2d 626. Another exception requires landowners to exercise their rights under the common enemy doctrine with due care by acting in good faith and by avoiding unnecessary damage to the property of others. See Currens, 138 Wash.2d at 865, 983 P.2d 626.
The parties agree that the County had the right to protect the road from surface water and that it had a duty to do so in a way that did not result in the channeling and discharging of surface water onto the Appellants' properties in a manner different from the natural flow. But they disagree on whether the due care exception applies generally to governmental road building activities. The County argues that the due care requirement does not apply because, as a governmental entity, it is immune from liability related to road building activities.
Governmental entities are immune from liability for surface water damage on two bases: (1) the common enemy doctrine and (2) RCW 8.12.550. Wood v. City of Tacoma, 66 Wash. 266, 271-73, 119 P. 859 (1911). Although RCW 8.12.550 provides some protection to governmental entities from liability for surface water damage caused by road construction, it does not apply here because it applies only to consequential damages caused by the original grading of streets. See Wood, 66 Wash. at 276, 119 P. 859 (distinguishing cases involving changes to existing grade and those involving initial grading, i.e., the first change from the natural contour of the ground). As the alleged damage here was not the result of original grading, the only arguable protection against liability is the common enemy doctrine.
The County provides no public policy analysis to support its contention that the Currens due care exception to the common enemy doctrine should also not apply in this context. Nor do we see a basis for shielding governments from the responsibility of acting in good faith and avoiding unnecessary damage to others. Further, the Currens court specifically relied on several cases involving governmental road building activities. 138 Wash.2d at 864, 983 P.2d 626 (relying on DiBlasi v. City of Seattle, 136 Wash.2d 865, 878, 969 P.2d 10 (1998); Laurelon Terrace v. City of Seattle, 40 Wash.2d 883, 893, 246 P.2d 1113 (1952); Wood, 66 Wash. at 273-74, 119 P. 859). Thus, we conclude that the Currens due care exception applies to county road improvement activities.
II. Material Issues of Fact
Having altered the flow of the surface water in the area, the County had a duty not to channel and discharge that water onto the adjoining land in a manner different from the natural flow of the surface water. Currens, 138 Wash.2d at 862, 983 P.2d 626. It also had a duty to act with due care, i.e., without bad faith and in a manner that reduced any unnecessary damage to the adjoining properties. Currens, 138 Wash.2d at 865, 983 P.2d 626. Thus, to survive summary judgment, the Appellants must establish that there are questions of fact as to whether the County breached at least one of these duties.[4]
The Appellants' expert witness, Steven P. Morta, examined the improved road and the surrounding terrain and concluded that by widening and crowning the road, the County increased the amount of surface water reaching the Appellants' properties when compared to the amount of surface water that *1201 previously reached the properties before the most recent improvements. Morta assumed that before the improvements, the entire road sloped to the north and, thus, prevented water from reaching the Appellants' properties.[5] But Morta also concluded that the Appellants' properties were located at the bottom of a natural drainage bowl in an area where the soil had low absorption properties.
Morta's report indicated that following the recent improvements, the only water reaching the Appellants' properties was the surface water falling onto the south side of the road, which then flowed diffusely down the southwesterly grade at an angle into the Appellants' driveways. Morta's report and deposition testimony indicated that if the road had not been present, all of the surface water from the surrounding area would have reached the Appellants' properties rather than just the water falling onto the south side of the road.
A. Collect and Discharge
The County argues that the Appellants' evidence is insufficient to create a question of fact as to whether the improved road acted as a conduit and channeled and discharged the surface water onto their properties in greater quantity or in a manner different from its natural flow.[6] We agree.
The channel and discharge exception to the common enemy doctrine requires that the finder of fact compare the amount of surface water that would naturally reach the Appellants' properties with the amount that reaches the properties after the changes to the road. See Currens, 138 Wash.2d at 862-63, 983 P.2d 626; Burton v. Douglas County, 14 Wash.App. 151, 154, 539 P.2d 97 (1975). Although Morta concluded that the flow of surface water onto the Appellants' properties had increased since the completion of the improvements, he reached this conclusion by comparing the surface water flow before and after the improvements rather than by comparing the flow after the improvements with the natural flow in the area.
Although Morta did not specifically compare the existing surface water flow with the natural flow, his report and deposition testimony reveal that the Appellants' properties are located in a natural low point where the water from the surrounding area would naturally settle and that the local soil would not have absorbed a significant amount of the surface water even if the ground had remained vegetated and unpaved. This information, considered with information that the ditching and crowning prevented any surface water from the north slope or north side of the road from reaching the Appellants' properties, indicates that the road, both before and after the improvements, actually protected the Appellants from surface water that would have naturally accumulated on their properties.
The facts are distinguishable from Burton. In Burton, the road had a slight crown in the center that prevented the surface water from crossing the road. As a result, the road acted as a conduit, channeling the water downhill until it gathered at a low point on the road where it flowed en masse across the road onto the plaintiff's property. Burton, 14 Wash.App. at 153, 539 P.2d 97.
Here, the only water entering the Appellants' properties was surface water from the south half of the road that traveled diffusely along the grade of the road and collected in a natural low point. Unlike in Burton, there is no evidence here that the road acted as a conduit or forced the surface water to collect or concentrate and discharge in a nondiffuse manner onto the Appellants' properties. Rather, the improved road channeled most of the water from the north side of the road away from the Appellants' properties.
Considering the characteristics of the local soil, the natural topography of the area, and the protection offered by the ditching on the *1202 north side of the road, no reasonable jury would conclude that the improved road increased the amount of surface water reaching the Appellants' properties over what would have naturally drained into the area.
B. Due Care
We next consider whether the Appellants presented evidence sufficient to create a question of fact as to whether the County breached its duty of due care by acting in bad faith or by altering the road in a manner that caused unnecessary surface water damage to the adjoining properties. Currens, 138 Wash.2d at 866-69, 983 P.2d 626.
To prove bad faith, one must show "`actual or constructive fraud' or a `neglect or refusal to fulfill some duty ... not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.'" Bentzen v. Demmons, 68 Wash.App. 339, 349 n. 8, 842 P.2d 1015 (1993) (quoting State v. Sizemore, 48 Wash.App. 835, 837, 741 P.2d 572 (1987)). The Appellants do not present any evidence from which a jury could infer such motive or intent. Thus, to survive summary judgment they must have provided evidence sufficient to create a question of fact as to whether the County altered the road in a manner that caused unnecessary surface water damage to the adjoining properties.
The defendant in Currens clear-cut and graded her property to facilitate development but failed to comply with mitigation measures specified in an environmental checklist she submitted to the Department of Natural Resources. 138 Wash.2d at 868, 983 P.2d 626. This was sufficient to create a question of fact as to whether the defendant failed to minimize potential impact. Currens, 138 Wash.2d at 868, 983 P.2d 626. There is no similar evidence here.
The Appellants have presented no evidence to show that the design of the improvements was inadequate or resulted in any unnecessary impact to the adjoining properties. Morta's report and his deposition testimony focused exclusively on the surface water flow from the improved road and on possible corrective measures. He did not address the issues of design, construction, or the necessary impact of the improvements.
At most, the record shows that surface water drainage was one of several issues raised at public meetings and that the amount of surface water reaching the Appellants' properties increased following the improvements to the road. Additionally, the Appellants appear to recognize that more information would be necessary before a jury could determine whether the County violated the due care requirement:
What, if any, precautions were taken by the county to keep water from flowing onto [the Appellants'] properties? Did they believe that they could continue to expand the roadway and dump water onto [the Appellants'] properties? All of these are questions which [the Appellants] were prevented from exploring in discovery and which do involve material issues of fact.
Appellants' Brief at 21.
Based on the record, the Appellants have failed to provide sufficient evidence to create a question of fact as to whether the County altered the road in a manner that caused unnecessary surface water damage to their properties. Nor does the evidence support the conclusion that the improved road acted to channel and discharge surface water onto the Appellants' properties in a manner different from the natural flow. Because the Appellants have failed to establish any issues of material fact, summary judgment was appropriate.
Accordingly, we affirm.
We concur: HUNT, A.C.J., BRIDGEWATER, J.
NOTES
[1] The County asserts that this grade is only approximately 2 percent.
[2] Surface water is diffused water produced by rain, melting snow, or springs. Currens, 138 Wash.2d at 861, 983 P.2d 626.
[3] The Appellants also asked the trial court for a continuance and to deny summary judgment because they had not had time to conduct sufficient discovery. The trial court denied this request. The Appellants have not appealed the denial of their motion for a continuance.
[4] Landowners also may be liable for inhibiting the flow of a natural drainway or watercourse, but this is not at issue here. See Currens, 138 Wash.2d at 862, 983 P.2d 626.
[5] The County disputes this assumption.
[6] The Appellants argue that the County does not recognize that the road itself may act to channel and discharge the water. But the County clearly acknowledges that the channel and discharge exception extends to situations where the road itself acts as a conduit, collecting, channeling and discharging water that would otherwise flow in a diffuse manner onto the adjoining property. The County argues that the Appellants have failed to show that the road acts as a conduit.